**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLIE PRUITT, JR.,** | **1:13-cv-1198  AWI SKO** |
| **Plaintiff,** | |
| vs. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| **U.S. BANK, N.A.; and DOES 1- 10, inclusive,** | **Doc. # 5** |
| **Defendants.** | |

This is an action in diversity seeking damages and injunctive relief by plaintiff Charlie Pruitt, Jr. ("Plaintiff") against defendants U.S. Bank, N.A. and DOES 1 – 10 ("Defendants"). The action arises out of the alleged failure of Defendants to engage in loan modification or "loss mitigation" with regard to Plaintiff's mortgage as required by what Plaintiff terms the California Homeowners' Bill of Rights,[1] California Civil Code, section 2923.5 (now codified at successor statute Cal. Civ. Code § 2923.55).  This action was originally filed in Stanislaus County Superior Court and was removed to this court on July 30, 2013.  The parties do not dispute that diversity jurisdiction exist pursuant to 28 U.S.C. § 1332.  Venue is proper in this court.

---

[1]  It appears that the more correct name is the "Parata Mortgage Relief Act."

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

### I. Factual Allegations from the Complaint

Plaintiff resides in a home located in Modesto, California (the "subject property"). The complaint alleges that "Defendant US Bank current [sic] services the mortgage loan account at matter [sic]. It is unknown to Plaintiff at this time whether US Bank also claims owner/investor interest in the underlying promissory note evidencing the debt obligation at matter." Doc. # 1 at 11:23-25. The complaint offers no other specifics regarding the mortgage or note. The complaint alleges Plaintiff approached Defendant in 2012 seeking loss mitigation as a result of financial hardship. Plaintiff alleges Defendant advertised that loan modification was available, but he had difficulty making contact with a "live person" and when he did, he was "given essentially the 'run-around' continuously." Doc. # 1 at 12:4. Plaintiff alleges Defendants frustrated Plaintiff's attempts to engage in any meaningful attempt to accommodate Plaintiff's need for loan modification. Based on this alleged conduct, Plaintiff alleges a total of five claims for relief. In order, those claims are: (1) violation of California Civil Code § 2923.5, (2) breach of implied covenant of good faith and fair dealing, (3) negligence, (4) violation of California Business and Professions Code § 17200, and (5) negligent infliction of emotional distress.

### II. Request for Judicial Notice and Defendants' Judicially Noticed Facts

Facts subject to judicial notice may be considered by a court on a motion to dismiss. In re Russell, 76 F.3d 242, 244 (9th Cir. 1996). Applying Federal Rule of Evidence 201(b), federal courts routinely take judicial notice of facts contained in publically recorded documents, including Deeds of Trust, Substitutions of Trustee, and Notices of Default because they are matters of public record, and are not reasonably in dispute. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986)); Lingad v. IndyMac Fed. Bank, 682 F.Supp.2d 1142, 1146 (E.D.Cal.2010).

Defendants request judicial notice of four documents: (1) the original Deed of Trust executed on October 4, 2010, securing a loan by Defendant US Bank to Plaintiff in the sum of $270,000.00; (2) the same Deed of Trust, which was re-recorded on April 1, 2011, for the

purpose of attaching the "VA Guaranteed Loan and assumption Policy Rider" Doc. # 6-2 at 2; (3) the corporate assignment of the Deed of Trust, executed on August 23, 2011, and recorded on September 6, 2011, assigning beneficial interest in the Trust to Mortgage Electronic Registration Systems ("MERS"); and (4) Notice of Default and Election to Sell executed on September 1, 2011 and recorded on September 6, 2011, reflecting that Plaintiff's loan was in default and the amount owing as of September 1, 2011, was $14,827.86.

The court finds that each of the documents for which judicial notice is requested were duly recorded and set forth facts not subject to reasonable dispute. Judicial notice of the requested documents and associated facts is therefore granted for purposes of this discussion.

**III. Procedural History**

Plaintiff's complaint was originally filed in Stanislaus County Superior Court on or about June 20, 2013. The matter was removed to this court on July 30, 2013. Defendants' motion to dismiss was filed on August 6, 2013. Defendants' request for judicial notice was filed on the same date. Plaintiff's opposition was filed was filed on August 23, 2013, and Defendants' reply was filed on August 30, 2013. The matter was taken under submission without oral argument on September 9, 2013.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Plaintiff's first claim seeks relief based on the allegation of violation of California Civil Code, section 2923.5.  Each of the remaining four claims under California common law are predicated on liability under section 2923.5.  Defendants contend that the terms of section 2923.5 are not applicable to Plaintiff's mortgage, and that even if the terms did apply, no relief is available based on section 2923.5.  Thus the threshold question for purposes of consideration of Defendants' motion to dismiss is whether the requirements of section 2923.5 apply to Plaintiff's mortgage and, if so, what remedies are available to Plaintiff.

Section 2923.5 was first enacted in 2008 and specifically applied its terms to qualifying mortgages executed between January 1, 2003, and December 31, 2007, inclusive.  Cal. Civ. Code § 2923.5(i).  In general, section 2923.5 regulates the conditions for notice of default under California's non-judicial foreclosure process.  The aspects of notice of default that are regulated include timing requirements following notice and due diligence requirements for providing

notice. Cal . Civ. Code 2923.5 §§ (a) and (b). In addition, section 2923.5 regulates the steps that must be taken by the mortgage servicer to provide contact information to the borrower for the purpose of discussing loss mitigation. Of significance in this case, subsection 2923.5(c) of the original enactment provides that a notice of default filed prior to the effective date of July 8, 2008, required the mortgage servicer to make the required contacts and provide a declaration that the borrower was contacted to "assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure." § 2923.5(c)(1). Subsequent enactments of section 2923.5, in 2012, omit any look-back requirement that would apply the requirements of section 2923.5 to mortgages executed after the inclusion date of December 31, 2007, but before the effective date of the successor enactment of section 2923.5 in 2012.

It appears to the court that, while the original enactment of Cal. Civ. Code § 2923.5 was in full effect in 2010 when Plaintiff executed the mortgage -- as Plaintiff contends -- it specifically excluded from its provisions mortgages that were executed after December 31, 2007. The subsequent reenactment of this section in the 2012 version did not reach back to include within its protections mortgages that were executed between January 1, 2008, and January 1, 2012. The court cannot presume any retroactive application of the terms of the later enactments of section 2923.5. See Myers v. Philip Morris Companies, Inc., 28 Cal.4th 828, 841, 123 (2002) ("California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature ... must have intended a retroactive application"). Thus, it appears to the court that Defendants are correct in their contention of what has been termed the California Homeowner's Bill of Rights (or sometimes the "Parata Mortgage Relief Act") does not apply to Plaintiff's mortgage. Thus, Plaintiff cannot claim liability against Defendants under Cal. Civ. Code § 2923.5 because his loan was not covered by either the original enactment or by any subsequent amendment. In short, the legislative history of section 2923.5 indicates a window of some four years, encompassing both the Execution of Plaintiff's mortgage and the notice of default, during which time the provisions of section 2923.5 do not apply.

While Defendants have cited a number of cases that support their contentions regarding the limitations of relief under section 2923.5, Defendants have not cited, and the court cannot find, case authority that discusses the apparent "window of non-applicability" discussed above. Thus, the court concedes that its determination that the requirements section 2923 do not apply to Defendant's mortgage because the date of execution of the mortgage and the date of filing of the notice of default are outside the range of applicable dates is not necessarily the last word on the subject. The court will therefore grant Plaintiff's request for leave to amend.

However, should Plaintiff choose to amend his complaint, Plaintiff should be mindful of the limitations of remedies available under section 2923.5. As Defendants note, section 2923.5 requires only that meaningful consideration be given to possibilities of loss mitigation. No specific outcome is required. Cal. Civ. Code § 2923.4(a); see Intengan v. BAC Home Loans Servicing, LP, 214 Cal.App.4th 1047, 1058 n.4 (1 Dist. 2013) (noting "the well-established rule that there is no remedy for violation of Civil Code section 2923.5 except a delay of the foreclosure sale pending compliance with the statute.") Thus, even if some statutory or equitable basis could be found that would entitle Plaintiff to the protections of Section 2923.5 or its successor, the only remedy available to Plaintiff for failure to adequately consider loss mitigation would be an order directing that consideration. The court has found no authority suggesting that the mortgage servicer's determination of the existence or non-existence of loss mitigation options is judicially reviewable. If Defendants have, or do in the future, give meaningful consideration to possibilities for loss mitigation and conclude that there are none, the court has no authority to order a different outcome.

The court notes that Defendants assert they have already given such consideration to Plaintiff's request for consideration of loss mitigation as is required and have certified that they have done so. Given the court's doubts that the terms of section 2923.5 are applicable under any enactment of the statute, the court will decline to address any contention that Defendants' conduct was lawful or unlawful at this time.

As the court has noted, each of plaintiff's state common law claims is predicated on the success of Defendants' claim that Defendants violated the terms of section 2923.5. Since the court has determined that the predicate claim fails, the court will grant dismissal as to each of Plaintiff's state common law claims without further discussion. Leave to amend will be granted.

THEREFORE, for the reasons discussed, it is hereby ORDERED that Defendants' Motion to Dismiss is hereby GRANTED. Plaintiff's Complaint is hereby DISMISSED in its entirety as to all Defendants. Leave to amend is GRANTED. Any amended complaint shall be filed and served not later than twenty-eight (28) days from the date of service of this order. If no amended complaint is filed within that time period, Defendants shall so notify the court and judgment will be entered in favor of Defendants forthwith.

IT IS SO ORDERED.

Dated:   December 20, 2013

SENIOR DISTRICT JUDGE